Submitted February 5, affirmed October 6, 2021, petition for review denied February 24, 2022 (369 Or 338)

STATE OF OREGON,
acting by and through
DA Family Support,
*Initiating Party-Respondent,*
*and*

Tessica L. SWIFT,
*Obligee-Respondent,*

*v.*

Kofi KYEI,
*Obligor-Appellant.*

Clackamas County Circuit Court
17DR13435; A169234

496 P3d 1135

Ulanda L. Watkins, Judge.

Kofi Kyei filed the briefs *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent State of Oregon.

No appearance for respondent Tessica L. Swift.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Appellant is subject to an administrative child support order entered in Clackamas County in June 2017, and the Division of Child Support of the Department of Justice garnished his wages pursuant to that order. Appellant challenged the support order and the garnishment in the Clackamas County Circuit Court, contending that his obligation to pay child support had been terminated pursuant to a 2013 stipulated judgment entered in Multnomah County terminating his obligation under a prior support order. He further asserted that he had not been properly served with the support order, and that the amount of support determined to be owed under the child support guidelines was incorrect. The Clackamas County Circuit Court addressed and rejected each of appellant's contentions in a general judgment that included findings.

Appearing on appeal *pro se*, appellant raises multiple challenges to the circuit court's judgment, several of which are unpreserved, and requests that we review the record *de novo*. This is not an equitable proceeding that could be subject to *de novo* review. *See* ORS 19.415(3)(b) (authorizing *de novo* review of an "equitable action or proceeding"). Appellant's challenges also do not establish any legal error or provide any basis for reversal of the circuit court's judgment. It would serve neither the bench nor the bar to elaborate further on the facts or to provide an extended written analysis.

Affirmed.